This is an action to cancel and annul a lease made by plaintiff to the defendant in February, 1942, whereby the former leased to the latter a small dairy farm in Tangipahoa Parish; also to eject the defendant from the leased premises. It is alleged in the petition that the consideration for the lease was one-fourth the crops grown on the property by the lessee and the payment to the lessor of $6 per month for the use of the dairy barn on the premises for housing lessee's cattle; also for further consideration that the lessee would milk lessor's cows on the premises for $30 per month during the winter and $25 per month during the summer, and that the lessee would purchase one of lessor's mules for $150.
The allegation is made that the defendant has violated his agreement in the following respects: he has failed to purchase the mule as he agreed; he has failed and refused to milk plaintiff's dairy cows as he agreed, and objected to another milker sent by plaintiff to milk his cows, and objected to his using the pump on the premises for obtaining water for washing his dairy barn and milking utensils; and he has failed to prepare the land and plant a crop, although the season for planting a profitable crop was growing late. The allegation is also made that proper notice was served on the defendant on April 2, 1942, to vacate the premises.
The defendant filed an exception of no cause or right of action coupled with his answer and admitted entering into the lease with plaintiff as alleged and for consideration alleged, except that he denies that the agreement to purchase one of plaintiff's mules was a part of the lease contract, but avers that this was a separate agreement entered into and was subject to the approval of the Federal Farm Security Administration (FSA), and that this agency appraised the mule at $125 and for that *Page 854 
reason would not approve the purchase of plaintiff's mule for $150. Defendant alleged that he leased the property under an arrangement with the FSA whereby he was to be financed under the rules and regulations of said agency, and the plaintiff had signed a waiver in favor of the FSA on a regular lease form used by said agency. He denied that he had violated any of the terms of the lease. In a supplemental pleading, he urged the prematurity of the action on the ground that the lease contract contained a clause for arbitration of any disputes between the parties, and that no allegation was made that an arbitration had been had or requested before filing the suit.
The court rendered a judgment in favor of plaintiff, annulling the lease, and ordering defendant to vacate the premises within sixty days from the date the judgment was rendered. The defendant asked for and was granted a suspensive appeal to this court upon furnishing bond with good and solvent surety in the sum of $150.
While the record does not show what disposition was made of the plea of prematurity and the exception of no cause or right of action, the judgment rendered in favor of plaintiff had the effect of overruling them. They are re-urged on appeal.
There is a clause in the lease providing for the submission of any differences between the parties to an arbitration committee of three, the decision of the committee to be binding on both parties to the lease. The contention of the defendant is that, as no arbitration was had or requested, the suit is premature under Act 262 of 1928, as amended by Act 218 of 1932, making agreements to arbitrate binding upon the parties. This contention is without merit for the reason that this is an action to revoke and annul the entire contract and the above act specifically excepts such an action from its provisions. This plea is therefore overruled.
The exception of no cause or right of action is based on the ground that the law requires a notice to vacate of 30 days before filing an ejectment proceeding, whereas, the petition shows that notice was given on April 2nd and the suit was filed April 16th. This exception is likewise without merit for the reason that the ground for eviction is that the defendant breached the terms of the lease, in which case only five days' notice is required under Section 2155 of the Revised Statutes, as amended by the Act 200 of 1936. This exception is also overruled.
The lease signed by the parties and dated February 9, 1942, is a form used by the FSA in its operations, and many clauses are left blank, but the lease is sufficiently specific to show that plaintiff was to get one-fourth of each kind of crop grown on the land, the lease specifying the number of acres to be planted to each crop of cotton, corn, potatoes, sugar cane, etc., with a garden free of rent. Nothing is said in the lease about the agreement of the defendant to milk plaintiff's dairy cows for the compensation set out in the petition, but, as the defendant admits this allegation in his answer, this agreement must be considered as a part of the consideration for the lease.
As to the agreement on the part of the defendant to purchase plaintiff's mule for $150, plaintiff testified that this agreement was not entered into before he signed the lease which was sent to him while he was in Florida, but he says that the agreement was entered into after he signed the lease and at the time he signed the waiver in favor of the FSA. The defendant objected to any evidence seeking to prove this agreement and its violation on the ground that it would vary and alter the written lease. Parol evidence is admissible to prove a subsequent oral agreement to modify a written lease, however, the circumstances under which the agreement to purchase plaintiff's mule was entered into, indicate that this agreement was not a part of the terms of and consideration for the lease, and accordingly, an alleged breach of this separate and collateral agreement has no relevancy to such a breach of the terms of the lease as would justify its cancellation as plaintiff is attempting to do in this suit. While the dispute about the purchase of the mule seems to have been one of the principal causes precipitating the differences between these parties, we do not think the evidence on this point was admissible, and the right of plaintiff to cancel the lease must depend on the violation, vel non, by the defendant of other terms of the lease.
It is conceded that the defendant milked plaintiff's dairy cows during the months of February and March and was paid for this service. It is also shown by the evidence and practically admitted by the defendant that he told plaintiff during the latter part of March that he would not *Page 855 
milk the cows any more after that month. His excuse for not complying with his agreement was that it took up too much of his and his wife's time and the compensation was not sufficient. He also claims that there was an understanding with plaintiff for the latter to dispose of his dairy cows so that the defendant could have the use of the entire barn for his own cattle. The fact that there was no such agreement is shown from the admission of the defendant himself that he was to milk plaintiff's dairy cows for a smaller sum in the summer than in the winter, whereas, he indicated his refusal to carry out the agreement before summer had even arrived.
The evidence is also convincing that the defendant had done very little work on the farm in planting the crops which he agreed to plant and out of which plaintiff was to receive one-fourth of the proceeds. This suit was not filed until after the middle of April and was not tried until the latter part of that month. At the time of the trial the evidence shows that no corn or cotton, Irish potatoes or sugar cane had been planted and very little preparation made to plant these crops, although the defendant had agreed to cultivate a specified acreage of these crops. These were the crops out of which plaintiff could expect to get the greatest return for the rent of his land, and the evidence shows, and it is common knowledge, that there is not much prospect for raising the above crops in this country where they have to be planted and cultivated after April. At this time the defendant had been on the land for almost three months and had ample time to have these crops well advanced, or at least preparations made so they could be cultivated and harvested in the usual and customary way. The fact that the defendant might not have had sufficient seed and farming implements is not the fault of the plaintiff as he was not obligated to furnish them.
As a general rule, a lease will not be annulled where the lessee has partly performed his obligations under the lease, unless the breach of the terms of the lease are material and important. However, in this case, the failure of the defendant to perform his obligations under the lease in the respects above mentioned affects and so seriously impairs the consideration which induced plaintiff to enter into the contract as to justify its annullment.
In an answer to the appeal, we are asked by the appellee to amend the judgment so as to strike out that part of the judgment which allows the defendant sixty days in which to vacate the premises. This period expired on July 1, 1942, and, obviously, an amendment of the judgment in this respect would have no effect. The defendant will be required to vacate immediately after our decree becomes final.
For the reasons above assigned, it is ordered that the judgment appealed from be amended by requiring the defendant to vacate the leased premises immediately after this decree becomes final, and as thus amended, the judgment is affirmed.