246 So.2d 323 (1971)
BODMAN, MURRELL & WEBB
v.
ACACIA FOUNDATION OF L. S. U., INC.
No. 8231.
Court of Appeal of Louisiana, First Circuit.
March 15, 1971.
Rehearing Denied April 19, 1971.
Writ Refused May 24, 1971.
*324 Frank M. Coates, Jr., of Taylor, Porter, Brooks & Phillips, Baton Rouge, for appellant.
Fred H. Belcher, Jr., of McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellee.
Before LANDRY, ELLIS, and BLANCHE, JJ.
ELLIS, Judge.
On November 28, 1967, Acacia Foundation of L. S. U., Inc. entered into a contract with the firm of Bodman, Murrell & Webb, Architects, for preparation of plans and specifications, and supervision of construction of a fraternity house on the campus of Louisiana State University. Although not specifically provided in the written contract, all parties were aware that the work called for therein was to proceed in accordance with a certain time schedule. The contract did contain a budget limitation of $209,000.00, imposed by the University, which was later increased to $244,000.00, including the architect's fee.
On September 10, 1968, Acacia dismissed Bodman as its architect, stating that he had failed to meet either the time schedule or the budget limitations imposed by the contract, and demanded the return of fees paid, and damages arising out of the breach of contract.
On September 16, 1968, Bodman wrote Acacia stating that the delay was occasioned by factors beyond his control, and that he was willing to re-design the house to meet the budget limitations. In the event of dismissal, Bodman stated it was felt the firm was entitled to a plan fee, and requested that the matter be arbitrated in accordance with Section 9 of the contract. The request for arbitration was reiterated by letter on October 4, 1968. Acacia refused to submit the matter to arbitration.
On January 20, 1969, Bodman filed this suit, a summary proceeding, asking that Acacia be ordered to arbitrate pursuant to the above provision. Acacia answered the rule, and alleged that Bodman had breached the contract in its entirety and that he could not enforce any provision thereof, including the arbitration section.
Subsequently, Acacia sued Bodman for damages resulting from his alleged breach of the contract. Acacia Foundation of L. S. U., Inc. v. Bodman, Murrell & Webb, *325 246 So.2d 327 (La.App. 1 Cir. 1971). Bodman filed a motion for a stay order pending arbitration. The two cases were consolidated for trial below and in this court as well.
After hearing evidence on the question of the breach of the contract by Bodman, the trial judge found that he had, in fact, breached the contract, and that he was not entitled to arbitration. One judgment was signed in the consolidated cases, rejecting the application for arbitration and vacating the stay order in the second suit. From this judgment, Bodman has appealed to this court.
Section 9 of the contract between the parties hereto reads as follows:
"ARBITRATION. All questions in dispute under this agreement shall be submitted to arbitration at the choice of either party."
The law of Louisiana is set forth in R.S. 9:4201, as follows:
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
R.S. 9:4203 provides, in part, as follows:
"The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall issue an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."
Bodman's position is that the above provisions operate to separate an arbitration provision in a written contract from the remainder of the contract so that it remains valid and enforceable no matter how flagrantly the contract may be breached. It is claimed that, under R.S. 9:4203, the courts may inquire no further than to ascertain the existence of the agreement to arbitrate and the refusal of one party to abide thereby, and must order arbitration on finding these facts to be true. He further argues that to hold otherwise would be to eliminate arbitration as a device for the settlement of disputes in Louisiana.
Bodman relies on the language of the statute itself, and upon a number of federal and out-of-state authorities. He correctly points out that the Federal Arbitration Law is similar to our own, and that it has been interpreted so as to order arbitration even when a total breach of the contract is alleged. See 9 U.S.C.A. § 1 et seq.; Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402 (CA 2d Cir. 1959).
Acacia argues that the last phrase of R. S. 9:4201, "save upon such grounds as exist at law or in equity for the revocation of any contract", must be interpreted to mean that if the contract containing the arbitration provision is breached in its entirety, the arbitration provision falls with the remainder of the contract, and cannot be enforced by the offending party.
Acacia relies mainly on the decision of this court in Lillard v. Hulbert, 9 So.2d 852 (La.App. 1 Cir. 1942), in which we said:
"There is a clause in the lease providing for the submission of any differences between the parties to an arbitration committee of three, the decision of the committee to be binding on both parties to the lease. The contention of the defendant is that, as no arbitration was had or requested, the suit is premature under Act 262 of 1928, as amended *326 by Act 218 of 1932, making agreements to arbitrate binding upon the parties. This contention is without merit for the reason that this is an action to revoke and annul the entire contract and the above act specifically excepts such an action from its provisions. This plea is therefore overruled."
The United States Arbitration Act, 9 U. S.C.A. § 1 et seq., is similar to our own. It has been interpreted by the Federal Courts as requiring arbitration even when it is shown or claimed that the arbitration provision is contained in a contract null at its inception. Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra; Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). These cases, and others, have held arbitration clauses to be separable from the contracts in which they are contained, unless the contrary intent appears in the contract.
Of the states which have an arbitration act similar to our own, only California has jurisprudence contrary to the Federal holdings. The California cases are based on Hanes v. Coffee, 212 Cal. 777, 300 P. 963 (1931), which was handed down at a time when California law permitted only arbitration of existing disputes. California Code of Civil Procedure, Sec. 1281. Since 1961, when Section 1281 was amended to a form similar to R.S. 9:4201, only the Federal case of Riess v. Murchison, 384 F. 2d 727 (CA 9th Cir. 1967) has ruled on the point, and it specifically refused to follow the Hanes case, supra, and adopted the Federal interpretation.
We find that the same rule should apply in Louisiana. The public policy of this state favors arbitration. Article III, Section 36, Constitution of 1921; Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195, 200 (1941); Livingston v. Shreveport-Texas League Baseball Corp., 128 F.Supp. 191, 200 (U.S. D.C., W.D., La.1955). R.S. 9:4201 et seq. were adopted pursuant to the constitutional mandate of Article III, Section 36.
We think it clear that the legislature intended arbitration clauses to be separable from the contracts in which they are contained.
R.S. 9:4201 provides that:
"A provision * * * to settle by arbitration * * * shall be valid, irrevocable, and enforceable, save upon such grounds as exist * * * for the revocation of any contract."
This can be reasonably interpreted to mean only that there must exist grounds for the revocation of the arbitration provision itself, apart from the grounds that may exist for the revocation of the remainder of the contract, before a party thereto can avoid the enforcement of its provisions.
Since no such grounds are alleged by Acacia in this case, we find the arbitration provision to be valid and enforceable. The validity of the remainder of the contract is immaterial.
We are also of the opinion that the question of a total breach of the contract is arbitrable under both the act and the specific arbitration provision in this case. It cannot be argued that language such as "All questions in dispute under this agreement" or "a controversy thereafter arising out of the contract" does not include a failure to perform thereunder.
Since we are of the opinion that the arbitration provision herein is valid and enforceable, and since it is admitted that Acacia has refused to abide thereby, under the express provisions of R.S. 9:4203, we must order arbitration.
Insofar as this opinion is in conflict with the holding of this court in Lillard v. Hulbert, supra, it is overruled.
The judgment appealed from is reversed, and there will be judgment herein in favor *327 of Bodman, Murrell & Webb, ordering Acacia Foundation of L. S. U., Inc. to arbitrate all disputes arising out of the contract between them in accordance with the provisions of R.S. 9:4201 et seq. All costs are to be paid by Acacia Foundation of L. S. U., Inc.
Reversed and rendered.