SAMUEL, Judge.
Plaintiff filed this suit against Langdon Stone and The Lawrence A. Stone Agency, seeking dissolution and partition of The Lawrence A. Stone Agency, an insurance agency partnership composed of himself and Langdon Stone. The grounds for dissolution are certain alleged improper partnership acts and neglect of partnership business on the part of Langdon Stone. Defendants filed an exception of prematurity based on an agreement which contains a provision allegedly obliging the partners to refer disputes to arbitration.
The trial court maintained the exception and ordered that the dispute between the partners be settled by arbitration under the provisions of the Louisiana Arbitration Law. Plaintiff has appealed. The only issue before us is whether the agreement in question obliged the partners to refer this dispute to arbitration.
In this court appellant makes the following alternative contentions: (1) While the agreement does obligate the two partners to enter into articles of partnership which shall include a provision relative to arbitration, articles of partnership never have been entered into and therefore the arbitration provision in the agreement never has become effective; (2) the arbitration provision is unenforceable because it does not name arbitrators as required by Civil Code Article 3099; (3) the arbitration provision is inapplicable because it covers only matters pertaining to the operation of the partnership and this suit is for dissolution and partition; and (4) the ruling of the trial court is in conflict with the provisions of the Louisiana Arbitration Law.
The petition, which was filed April 6, 1971, alleges the defendant, Lawrence A. Stone Agency, is “an insurance agency partnership consisting of Lawrence A. Stone, II and Langdon Stone” and the “relations between the parties are covered in the memorandum of agreement”, a copy of which was attached to the petition. The agreement, which is lengthy and in amply sufficient detail to provide for the partnership operation, is dated March 3, 1970. The parties thereto were the two partners in suit, who are brothers, and their mother, Mrs. Sallie G. Stone.
The agreement states it was entered into for the purposes of settling all preexisting claims and controversies and making provision for the future operation of the insurance business then conducted under the *179 name “The Lawrence A. Stone Agency”, which name would be retained by the partnership. Relative to Mrs. Stone, in pertinent part it provides:
“5. (a) The partnership shall compensate Mrs. Sallie G. Stone for the use of the name ‘The Lawrence A. Stone Agency’ and for services based upon the use of her solicitor’s license at a monthly rate of $600.00, payable on the basis of $300.00 on the first and $300.00 on the fifteenth of each month, the amount to be paid without any deductions therefrom and said payments to continue during her natural life or until the termination of this agreement, whichever occurs first.”
Relative to the two partners, in pertinent part the agreement provides:
“13. Lawrence A. Stone II and Lang-don H. Stone agree to enter into mutually satisfactory Articles of Partnership as soon as practicable, which Articles shall conform to the terms and conditions of this Memorandum of Agreement and contain such other provisions as the partners deem advisable.
14. The said Articles of Partnership shall include, among other things, a provision to the effect that if there should ever arise any dispute between Lawrence A. Stone II and Langdon H. Stone over any matter pertaining to the operation of the partnership, the dispute shall be settled under and in accordance with the provisions of the Louisiana Arbitration Act, as now or hereafter amended,”
We do not agree with appellant’s first contention. The arbitration provision was included in the agreement for the benefit of all three parties, especially Mrs. Stone. It is apparent her particular interest was to keep the partnership alive and active so that, as agreed, it would pay her the stipulated monthly income. The provision afforded her some protection in this regard. We note the above quoted paragraph 5 of the agreement states the payments to Mrs. Stone are to continue during her natural life or until the termination, not of the partnership, but of the agreement itself. Her assurance that the payments will be made is largely dependent upon the continued operation of the agency which was succeeded by the partnership. Neither partner can effectively violate his agreement by operating the partnership as contemplated and at the same time avoid the arbitration provision by not entering into formal articles of partnership.
The second contention is based on law not applicable here. Civil Code Article 3099 does require that the covenant calling for arbitration name arbitrators.[1] However, insofar as this matter is concerned, the applicable statute is the much more recent Louisiana Arbitration Law,[2] referred to by title in the agreement in suit (as “Act” rather than “Law”) and passed by the legislature as Act 377 of 1948. That statute does not require the naming of arbitrators in the written contract to settle by arbitration. To the contrary, it makes specific provision for such naming or appointing in the event the parties do not do so.[3]
*180 We also are of the opinion the third contention, that the arbitration provision refers only to operation of the partnership and therefore does not include this action for dissolution and partition, is without merit. The only causes for dissolution and partition alleged in appellant’s petition are:
(a) That the defendant-partner failed to devote sufficient time to the conduct of the business of the partnership, thereby causing loss of agency business and needless hardship to the plaintiff;
(b) That the defendant-partner refused to sign bonus payments when they became due, contrary to the agreement ; and
(c) That the defendant-partner gave an unlawful rebate to an agency client.
The above quoted paragraph 14 of the agreement requires the partners to include in the articles of partnership a provision “ . . .to the effect that if there should ever arise any dispute between Lawrence A. Stone, IT and Langdon H. Stone over any matter pertaining to the operation of the partnership, . . . ” (emphasis ours) the dispute shall be settled by arbitration. Thus under the provision any dispute over any matter pertaining to the operation of the partnership must be settled by arbitration. It is clear that the matters in dispute in this suit do involve operation of the partnership. To avoid arbitration by suing for a dissolution and partition based on a dispute in which arbitration is required by the agreement would have the effect of rendering the arbitration provision ineffective and meaningless.
The fourth contention is twofold. First, it is argued the judgment appealed from does not stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement as required by R.S. 9:4202; [4] and second, the exception of prematurity should have been overruled and dismissed because it is not in compliance with the arbitration law which requires the filing of an application in the form of a motion, rather than an exception to stay the proceeding.[5] We do not agree with the contention.
It is true the judgment does not specifically state the trial of the action is stayed until the ordered arbitration has been had. But the judgment does order the dispute settled under and in accordance with the provisions of the Louisiana Arbitration Law and it does not dismiss the action. Thus, for all practical purposes it has the same effect, and reaches the same result, as would have been the case if it had specifically ordered a stay.
 The same basic reasoning is applicable to the second issue presented by the contention under discussion. As the alleged right to dissolve and partition depends upon a submission to arbitration, an event which has not occurred, this suit is premature.[6] Prematurity is an objection raised through the dilatory exception and *181 must be pleaded prior to answer or judgment by default under penalty of waiver of the objection.[7]
It is true that prematurity is grounds for dismissal, rather than a stay, of the action, and that R.S. 9:4205 provides all applications under the arbitration law shall be made and heard in the manner provided by law for the making and hearing of motions.[8] But, as has been pointed out, in this instance the judgment does not dismiss, in effect it only stays, the action ; and insofar as this case is concerned, there is no material difference between the making and hearing of motions and the filing and hearing of the exception of prematurity. To overrule the exception solely because the exact letter of the revised statute was not followed would be far too technical.[9]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
REDMANN, J., dissents with written reasons.

. The article reads: “A submission is a covenant by which persons who have a lawsuit or difference with one another, name arbitrators to decide the matter and bind themselves reciprocally to perform what shall be arbitrated.” LSA-O.C. Art. 3099.

. LSA-R.S. 9 :4201 et seq.

. Section 2 of the act reads: “If, in the agreement, provision is made for a method of naming or appointing an arbitrator or arbitrators or an umpire, this method shall be followed. If no method is provided or if a method is provided and a party thereto fails to avail himself of the method or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or an umpire, or in filling a vacancy, then, upon the application of either party to the controversy, the court aforesaid or the court in and for the parish in which the arbitration is to be held shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who *180 shall act under the agreement with the same force and effect as if he or they had been specifically named therein. Unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator.” LSA-R.S. 9:4204.

.“If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.” LSA-R.S. 9:4202.

. Applicable to this argument is the above quoted LSA-R.S. 9:4202 and a following section of the same law, 4205. The latter reads: “Any application to the court under this Chapter shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided.” LSA-R.S. 9:4205.

. See LSA-C.C.P. Art. 423.

. See LSA-C.C.P. Arts. 926 and 928.

. See footnotes 5 and 7.

. See LSA-C.C.P. Art. 854. In this connection we note B. Segall Company, Inc. v. Trahan, La.App., 276 So.2d 340, could hold to the contrary.