292 So.2d 686 (1974)
Lawrence A. STONE, II, Plaintiff-Appellant-Relator,
v.
Langdon STONE and the Lawrence A. Stone Agency, Defendants-Appellees-Respondents.
No. 53958.
Supreme Court of Louisiana.
March 25, 1974.
Rehearing Denied April 26, 1974.
*688 Geoffrey H. Longenecker, Porteous, Toledano, Hainkel & Johnson, New Orleans, for plaintiff-applicant.
C. Ellis Henican, Henican, James & Cleveland, New Orleans, for defendants-respondents.
TATE, Justice.
The Lawrence A. Stone Agency ("the Agency") is an insurance agency partnership composed of the late founder's sons, Lawrence A. Stone, II ("Lawrence"), and Langdon Stone ("Langdon"). By this action, Lawrence brings suit against Langdon and the Agency to dissolve the partnership and to partition its effects.
The previous courts sustained an exception of prematurity. 281 So.2d 181 (La. App. 4th Cir. 1973). The basis of the exception was a clause in the partnership memorandum requiring arbitration of any dispute arising over the firm's operation.
We granted certiorari, 283 So.2d 768 (La. 1973), to consider Lawrence's contention that the arbitration clause could not preclude his suit to dissolve the partnership, because his right to dissolve it at will was not subject to any defense.

1.
Following the decedent Stone's death, his sons Lawrence and Langdon entered into a *689 partnership memorandum along with their mother, Mrs. Sally Stone, the decedent's widow. The partnership, composed of Lawrence and Langdon, agreed to compensate Mrs. Stone six hundred dollars per month for the use of the name, "The Lawrence A. Stone Agency", as well as for her services. They agreed that the partnership "shall terminate upon the death of either partner", with the right of the surviving partner to continue to use the partnership name, provided he continued to pay Mrs. Stone the monthly sum of six hundred dollars.
Additionally, the partnership memorandum included an agreement that "* * * if there should ever arise any dispute between Lawrence A. Stone, II and Langdon Stone over any matter pertaining to the operation of the partnership, the dispute shall be settled under and in accordance with the provisions of the Louisiana Arbitration Act * * *." (See La.R.S. 9:4201-17.)
The suit alleges cause for dissolution, namely, certain alleged improper partnership acts and neglect of partnership business on the part of Langdon. However, in this court, the plaintiff Lawrence relies primarily upon his allegation praying for dissolution and upon the unqualified right of a partner to dissolve a partnership of unlimited duration (providing there is no bad faith and providing the dissolution is not requested unseasonably at a time unduly prejudicial to the partnership), Louisiana Civil Code, Articles 2884-86.
The defendants did not plead that the request for dissolution is made in bad faith or unseasonably. The only ground alleged by their exception urging prematurity is that under the arbitration clause the agreement provides "that any and all disputes that might arise" shall be settled in accordsiana Civil Code Article 2884-86.

2.
A partnership may be entered into either for a specified duration or else without agreement as to duration. Civil Code Article 2853.
If for a specified duration, the partnership ends at the expiration of time specified. Articles 2876(1), 2877. However, it may also be dissolved by one of the partners for just cause, Articles 2887, 2888,[1] or by the death of a partner unless contrary agreement was made, Article 2880.
If the partnership was contracted without any limitation of time, it is presumed to have been entered into for the lifetime of the partners. Article 2854. However, as well as being dissolved by the death of a partner, Article 2880, one of the partners may dissolve the partnership by simple notice to his partner(s), in the absence of bad faith or undue prejudice to the partnership interests. Articles 2884-86.[2]
*690 In the case of a partnership of unlimited duration, the right to dissolve is qualified only in that it must be exercised in good faith and done "seasonably". Article 2884. An unseasonable dissolution is one made at an inopportune time, when it is in the interest of the partnership that its dissolution be postponed. Article 2886. The right of a partner to dissolve a partnership without duration is "a matter of public order, because it is destined to protect individual liberty * * *." Planiol, Civil Law Treatise, Volume 2, No. 1984 (LSLI Translation 1959).
See also Comment, Dissolution and Termination of Partnerships, 45 Tul.L.Rev. 389 (1971).

3.
As we understand it, the respondents Langdon and the Agency contend that the intention of the partnership memorandum was to constitute it for the life of the partners, i. e., for that definite duration. Therefore, since it needed cause for its dissolution, such cause is subject to arbitration, being a dispute arising out of the operation of the partnership.
This contention is also founded upon the provision of the agreement that the partnership continue to pay Mrs. Stone a monthly sum during its existence. It is contended that this evidences a desire to pay the widow a monthly income during her lifetime.
We cannot so hold. According to the partnership memorandum, the interest of the widow was to receive six hundred dollars per month so long as the name of her husband's firm, "The Lawrence A. Stone agency", was used by the partnership or its successor. Insofar as the partnership, Mrs. Stone had by the agreement no right to continue it if the partners wished to dissolve it;[3] only the right to receive a monthly income so long as the firm name was used for the business done. She had no right, therefore, to force the partnership to continue in business just to pay her the monthly sum.
Once the partnership was dissolved and ceased to use the firm name, there was no further obligation to her. For this reason, insofar as the partnership is concerned (which itself had no interest in continuing indefinitely to pay six hundred dollars monthly to Mrs. Stone), it was not "unseasonable" of a partner to request dissolution of the partnership, simply because the dissolution might terminate this obligation. It can hardly be contended that it is in the best interest of a partnership to continue in existence simply to perpetuate this or any obligation which it otherwise would not owe.
The agreement that the partnership "shall terminate upon the death of either partner" did not, in our opinion, constitute an agreement to form a partnership of definite duration, i. e., for the lifetime of the partners; at least in the absence of further language instancing such an intent. The provision merely confirms the duration for the life of the partners, as is presumed in the absence of agreement to a specified time for the duration of the partnership. Article 2854.[4]
*691 If this intention be deemed ambiguous, we construe the instrument in favor of indefinite duration and thus as terminable upon notice, rather than in favor of lifetime duration and thus terminable only for cause.
We do so in view of the public policy evidenced by the articles favoring freedom of individuals. See Planiol cited above. We do so also because of the general policy consideration that the partnership relationship is essentially founded on mutual trust and confidence and terminable when such cease, Breaux v. LeBlanc, 50 La.Ann. 228, 23 So. 281, 284 (1898); so that a construction favoring freedom to dissolve should be given as against one limiting the right to do so, in the absence of specific intent to the contrary.

4.
Under the present facts, therefore, a partner with the right to terminate a partnership at will has requested its dissolution. The sole ground urged by the exception of prematurity is that the partnership agreement provides that if "any dispute. . . over any matter pertaining to the operation of the partnership" should arise between the parties, then it is subject to arbitration.
Under these circumstances, there is no dispute between the parties subject to arbitration. The requesting partner has the unqualified right to dissolve the partnership, under the facts at issue. There is nothing to arbitrate. It is, further, doubtful that the agreement to arbitrate "any dispute . . . over any matter pertaining to operation of the partnership" intended to include within its scope the right of either party to demand dissolution of the partnership, in the absence of language more clearly specifying such intent. See Domke on Commercial Arbitration, section 13.03 ("Partnership") (1968).
Arbitration presupposes that an arbitrator may decide in favor of one party and against another. Here, the legal right of a partner to dissolve the partnership at his will is not a "dispute" subject to arbitration, at least in the absence of further showing.
In our opinion, this is the sense of the provision in the Louisiana Arbitration Law, La.R.S. 9:4201-17, that: "A provision. . . to settle by arbitration. . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law . . . for the revocation of any contract." La.R.S. 9:4201.[5]
Thus, as where the contract is inherently invalid as in violation of a statutory provision, Domke cited above at Section 8.06, or as where the agreement to arbitrate involves a matter not subject to non-judicial determination, such as custody of children (Domke, Section 13.08) or questions of law as to whether there has been a patent infringement (Domke, Section 13.05), the legal issue involved is non-arbitrable: For the legal right of a partner to dissolve a partnership of indefinite duration is an unqualified right, under the facts pleaded.
We are aware that Bodman, Murrell & Webb v. Acacia Foundation of L.S.U., Inc., 246 So.2d 323 (La.App. 1st Cir. 1971), certiorari denied, 258 La. 766, 247 So.2d 864 (1971), has interpreted La.R.S. 9:4201, the quoted statute, as meaning "only that there must exist grounds for the revocation of the arbitration provision itself, apart *692 from the grounds that may exist for the revocation of the remainder of the contract, before a party thereto can avoid the enforcement of its provision." 246 So.2d 326.
This holding adopted interpretations given, under federal law, to similar provisions of the United States Arbitration Act, 9 U. S.C. §§ 1-14. See: Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). However, as the dissent to this decision shows, this position was not reached without substantial contrary decision among the intermediate federal courts. Also, the dissents show that there is a substantial question as to whether or not such a construction properly carries out the legislative intent, which made voidable any arbitration agreement purporting to include "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.
The decision does not negate the power of a state court to interpret, under state law, a similar provision to the contrary, as many states have done. See Domke on Commercial Arbitration, Sections 8.01, 8.04, 8.05 (1968). See, for instance, the earlier decision of the Louisiana First Circuit in Lillard v. Hulbert, 9 So.2d 852 (La.App.1942).
We note this issue as to the broad rationale of the Bodman decision, but we need not now decide it. Bodman itself was correctly decided. The non-timely performance of incidents of the contract was there alleged as a cause for revocation of the contract by the suit to annul it. This malperformance under the contract was a factual matter included within the scope of the arbitration clause of the contract, by which the parties agree to arbitrate all questions in dispute under the agreement. A party cannot evade his agreement to arbitrate performance under the contract by instead filing a suit to annul the contract itself based on this factual issue of non-timely performance, a factual issue of contract performance within the intended scope of the arbitration clause. See Domke on Commercial Arbitration, Section 9.04 (1968).

5.
In summary, we hold that the arbitration clause of the partnership agreement did not include within its scope the right of a partner, unqualified under the present facts, to dissolve a partnership of indefinite duration. Since there is no issue under the pleadings as to whether the partner had a right to demand the dissolution of the partnership, the existence of his right to dissolve the partnership is a matter of law and not subject to arbitration. See also the provision of La.R.S. 9:4201 exempting from enforceability an agreement to arbitrate "such grounds as exist at law or in equity for the revocation of any contract."
Our holding might be different if the ground urged in the exception pleading prematurity had, additionally, specifically pleaded, as required (see La.C.Civ.P. art. 924), facts to the effect that the partner was in bad faith or was attempting to dissolve the partnership unseasonably at a time prejudicial to its interest, see Civil Code Articles 2884-86 (quoted in Footnote 2 above). But the prematurity exception here is founded solely on existence of the arbitration clause, and, for the reasons noted, must be overruled.

Decree
Accordingly, we reverse the judgments of the previous courts sustaining the exception pleading prematurity; the exception is overruled, and the case is remanded to the district court for further proceedings consistent with the views here expressed. The defendants are cast with all costs of appellate review; all other costs *693 are to await final determination of the matter.
Reversed and remanded.
SUMMERS, J., dissents with reasons.
SUMMERS, Justice (dissenting).
As I understand this problem, the petition asserts as a "cause" for the dissolution complaints concerning the "operation" of the partnership. In my view such a controversy falls within the contemplation of the arbitration clause. Accordingly, I subscribe to the reasons assigned by the Court of Appeal, 281 So.2d 177, 181.
NOTES
[1] These articles provide:

"Article 2887. Although the partnership may have been entered into for a limited time, one of the partners may, provided he has a just cause for the same, dissolve the partnership before the time, even where inconveniences might result for the partners, and although it might have been stipulated that the partners could not desist from the partnership before the stipulated time.
"Article 2888. There is just cause for a partner to dissolve the partnership before the appointed time, when one or more of the partners fail in their obligations, or when an habitual infirmity prevents him from devoting himself to the affairs of the partnership, which require his presence or his personal attendance."
[2] These articles provide:

"Article 2884. If the partnership has been contracted without any limitation of time, one of the partners may dissolve the partnership by notifying to his partners that the does not intend to remain any longer in the partnership, provided, nevertheless, the renunciation to the partnership be made bona fide, and it does not take place unseasonably.
"Article 2885. The renunciation is not bona fide when the partner renounces for the purpose of appropriating to himself the profits which the partners expected to receive from the partnership.
"Article 2886. The renunciation is made unseasonably, if it be made at the time when things are no longer entire, and when the interest of the partnership requires that its dissolution be postponed. The common interest of the partnership is considered, and not the interest of the partner who opposes the renunciation."
[3] For instance, a partnership may at any time be dissolved by mutual consent of the partners. Article 2876(5). Further, even a partnership for a limited duration may always be dissolved for cause, despite any stipulation to the contrary. Article 2887. Mrs. Stone could not oppose the legal right of dissolution of the partnership for such causes.
[4] Article 2854 provides: "If there has been no agreement respecting the time the partnership is to last, it is supposed to have been entered into for the whole time of the life of the partners, under the modification mentioned in article 2884 [see Footnote 2], or if the partnership be entered into for some affair the duration of which is limited, for the whole time such affair is to last."
[5] La.R.S. 9:4201 provides: "A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.