293 So.2d 523 (1974)
Mrs. Sallie GUSTINE, widow of Lawrence A. STONE
v.
Lawrence A. STONE, II.
No. 6052.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 1974.
Rehearing Denied May 10, 1974.
*524 Henican, James & Cleveland, C. Ellis Henican, New Orleans, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, Geoffrey H. Longenecker, New Orleans, for defendant-appellant.
Before REDMANN, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
Appellant, Lawrence A. Stone II, has prosecuted this appeal to question, inter alia, whether judgment may be rendered against a partnership that was not made a defendant to the action until after the presentation of evidence but prior to its submission to the jury.
Plaintiff, Mrs. Sallie G. Stone, was awarded a judgment condemning The Lawrence A. Stone Agency, a partnership, and its two individual partners, Langdon and Lawrence A. Stone II, to pay $600 per month for life in accordance with this provision in a contract entered into between plaintiff and her sons:
"5. (a) The partnership shall compensate Mrs. Sallie G. Stone for the use of the name `The Lawrence A. Stone Agency' and for services based upon the use of her solicitor's license at a monthly rate of $600.00, payable on the basis of $300.00 on the first and $300.00 on the fifteenth of each month, the amount to be paid without any deductions therefrom and said payments to continue during her natural life or until the termination of this agreement, whichever occurs first. * * *"
She initially filed suit against Lawrence II, only, because her son Langdon had previously acknowledged and was paying $300 per month representing his half of the alleged $600 monthly payment due. When Lawrence Stone II excepted to plaintiff's failure to join his brother on the ground he was an indispensable party defendant, plaintiff joined Langdon Stone as a defendant even though the nonjoinder exception had been overruled. On November 2, 1972, two days before this three-day trial started, defendant filed alternative peremptory exceptions claiming (1) if plaintiff filed suit in the capacity of a partner, her action was premature because the partnership had not been dissolved or (2) if she sued as a creditor, she could not maintain a cause of action against Lawrence Stone as a partner without joining the partnership entity as a party defendant.
*525 The exception of prematurity was based on pending litigation brought by Lawrence Stone II to dissolve and partition The Lawrence A. Stone Agency. In that case Langdon Stone and the partnership were cited as defendants and filed an exception of prematurity, based on a clause in the partnership agreement requiring that any dispute as to operational procedure must first be submitted to arbitration before resorting to litigation. This exception, maintained by the trial court and this court (Stone v. Stone, 281 So.2d 177 (1973)), was overruled by the Supreme Court in a decision rendered March 25, 1974 in Stone v. Stone, La., 292 So.2d 686 (1974). The Court held the right to demand dissolution of the partnership is a matter of law, not subject to arbitration, and because this right was not at issue in the pleadings, the matter was remanded for further proceedings consistent with the guidelines set forth in its opinion. Thus the merits of the action to dissolve and the effective date of the dissolution is yet to be adjudicated.
On November 6, 1972, after the conclusion of the presentation of evidence and prior to the charge to the jury, attorney for plaintiff advised the court:
"I want to file a supplemental and amended pleading which is provided for by the Code of Civil Procedure."
On the same date the trial judge signed an order authorizing the filing of plaintiff's "Supplemental and Amended Petition to Conform to the Evidence." This petition had a two-fold purpose pleading judicial estoppel in bar of Lawrence Stone's defense that the partnership is still in existence; and alternatively, to join the partnership as a party defendant.[1]
It must be noted that the pleading did not request nor was service of citation ever effected on the partnership. A copy of the petition was handed to the attorney for Lawrence Stone and a copy given to Langdon H. Stone personally. This purported service was not made on the defendants in their representative capacity as partners but apparently as individuals. The record does not contain a waiver of citation by the partnership or anyone acting in its behalf.
On November 7, 1972, judgment in the instant case was rendered in conformity with a jury verdict casting the partnership, The Lawrence A. Stone Agency, in judgment for $600 per month or the individual partners for $300 per month each for the remainder of plaintiff's life.
Under the explicit provision of LSA-C.C.P. art. 1201[2] in the absence of an express waiver, the lack of citation and service thereof renders all proceedings in civil actions absolute nullities except for summary and executory proceedings. We therefore hold that the proceeding and judgment against the partnership initiated by the supplemental and amended petition is stricken with nullity for the want of citation and service. It necessarily follows that this ineffective pleading does not satisfy the requirements of LSA-C.C.P. art. 737:
"A partnership has the procedural capacity to be sued in its partnership name.
"The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant."
The partnership is an indispensable party defendant in a suit against the partners because *526 as a business entity it is primarily liable. The individual partner's liability only comes into existence when and if the partnership becomes insolvent. Leger v. Townsend, 257 So.2d 761 (La.App.3d Cir. 1972), writs refused, 261 La. 464, 259 So. 2d 914 (1972).
Plaintiff cites LSA-C.C.P. art. 1154 as authority for the post trial joinder of The Lawrence A. Stone Agency as a party defendant. It reads:
"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence."
We interpret this to mean that issues raised during the trial without objection may be the subject of amended pleadings but we do not think the redactors ever contemplated an amendment to include as a party to the litigation a person or entity not properly cited to appear before the court as a litigant. Were this amendment permitted, it would violate basic concepts of procedural due process of law.
In view of our finding that the partnership was not before the court, the status of this entity will now be determinative of the validity of the judgment rendered against Lawrence Stone. If the partnership is in existence, then the judgment is invalid because the condition precedent to his being cast in judgment, i. e. joinder of the partnership required by LSA-C.C.P. art. 737, was not met.
The record as constituted does not reflect the actual or legal status of the partnership, which is essential to the determination of Lawrence Stone's liability, and for this reason we are compelled to remand this matter for the purpose of adducing evidence bearing upon the status of the partnership.
The scope of this opinion is limited to the complaint of Lawrence A. Stone II to the effect plaintiff failed to comply with the procedural law prerequisite to casting him in judgment. Thus our modification of the judgment only reflects our consideration of the matter as it relates to the appellant.
For the reasons assigned, the judgment appealed from is annulled insofar as it casts Lawrence A. Stone II in judgment and this matter is remanded for further proceedings consistent with the views expressed herein. Assessment of costs should be made when the final judgment is rendered.
Annulled in part and remanded.
NOTES
[1] For some unaccountable reason the supplemental petition was not filed with the clerk's office until November 14, 1972, one week after the jury's verdict and the signing of the trial court's judgment on November 7, 1972.
[2] "Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.

"The defendant may expressly waive citation and service thereof by any written waiver made part of the record."