415 So.2d 612 (1982)
STATE of Louisiana, Through the DIVISION OF ADMINISTRATION, Plaintiff-Appellant,
v.
ALGERNON BLAIR, INC., et al., Defendant-Appellee.
No. 8819.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*613 Hawley & Schexnayder, Ltd., W. Paul Hawley, II, Lafayette, Thomas McFerrin and John R. Sheppard, Baton Rouge, for plaintiff-appellant.
Breazeale, Sachse & Wilson, Frank P. Simoneaux, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
SWIFT, Judge.
The State of Louisiana, through the Division of Administration, (State) filed suit against Algernon Blair, Inc., (Blair) and its surety for damages resulting from alleged breaches of contract for the construction of the University Medical Center in Lafayette. Blair timely removed the suit to federal court and filed there in its answer a motion to dismiss for failure to arbitrate and also a motion to stay the proceedings and compel arbitration. Subsequently, the case was remanded to the state court because of the federal court's lack of jurisdiction. The plaintiff then filed a motion to terminate arbitration proceedings previously initiated by the defendant, which involved various claims of the defendant and its subcontractors against the state, and to consolidate those claims in the present proceeding. The defendant filed a rule to show cause why this suit should not be stayed pending arbitration. The district court ordered the proceeding stayed and the State has appealed. We affirm.
The only issue presented by this appeal is whether the trial court erred in staying the proceedings pending arbitration.
The contract with which we are concerned, dated July 7, 1977, contains the following provision:
"7.10 ARBITRATION
"7.10.1 All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof, except as set forth in Subparagraph 2.2.9 with respect to the Architect's decisions on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.7.5 and 9.7.6, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."
The Louisiana Arbitration Law, LSA-R.S. 9:4201 et seq., "reflects a legislative policy favoring arbitration as a tool for speedy resolution of contract disputes" and states that provisions for arbitration "in valid contracts shall be irrevocable." Willis-Knighton Med. Ctr. v. So. Builders, Inc., 392 So.2d 505 (La.App. 2 Cir. 1980).
Section 4201 of Title 9 provides:
"A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." [Emphasis added.]
Section 4202 mandates the trial court to grant a stay in any proceeding brought in violation of an arbitration agreement. It says:
"If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable *614 to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration."
Relying upon the exception contained in Section 4201, that an arbitration provision is not valid and enforceable if a ground exists for the revocation of the contract, plaintiff argues that since Blair failed to comply with its contractual obligations due to poor workmanship, time overruns and its subsequent abandonment of the project, the State has the right to dissolve the entire contract, including the arbitration provision therein. We disagree.
In Bodman, Murrell & Webb v. Acacia Found. of L. S. U., 246 So.2d 323 (La.App. 1 Cir. 1971), writ denied 258 La. 766, 247 So.2d 864 (1971), the court was confronted with a somewhat similar situation and contention. An architect sought arbitration under the arbitration provisions of the contract to resolve a dispute over the owner's right to terminate his contract because of the alleged failure of the architect to meet his time schedule and budget limitations. The contract provided that "all questions in dispute under this agreement shall be submitted to arbitration..." The owner argued that if the contract containing the arbitration provision is breached in its entirety, then the arbitration provision falls with the remainder of the contract and cannot be enforced by the offending party. In rejecting this contention the court reasoned:
"We are also of the opinion that the question of a total breach of the contract is arbitrable under both the act and the specific arbitration provision in this case. It cannot be argued that language such as `All questions in dispute under this agreement' or `a controversy thereafter arising out of the contract' does not include a failure to perform thereunder."
In George Engine Co., Inc., v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977), our supreme court distinguished Bodman, saying, "the Bodman case involved a factual issue of contract performance, whereas the case at bar involves the legal issue of the validity in its inception of the contract itself, based on the alleged lack of valid consent." Thus, the exception in Section 4201 emphasized above is confined to grounds involving consent that would vitiate the contract ab initio.
No such contention is made in this case. The state does not question the validity of the agreement at its inception. It is simply claiming damages for Blair's alleged failure to perform according to its provisions. As the supreme court said in Stone v. Stone, 292 So.2d 686, 692 (La.1974):
"A party cannot evade his agreement to arbitrate performance under the contract by instead filing a suit to annul the contract itself based on this factual issue of nontimely performance, a factual issue of contract performance within the intended scope of the arbitration clause. See Domke on Commercial Arbitration, Section 9.04 (1968)."
Section 4201, of course, expressly states that a controversy arising from "the refusal to perform the whole or any part" of the contract is an issue that may be included in the irrevocable arbitration clause.
We also cannot agree with the plaintiff's position that LSA-C.C. Art. 2765 is applicable in this situation. The state has never attempted to cancel the contract. The petition simply alleges breaches and abandonment thereof by Blair for which damages should be awarded.
Nor do we find any merit in the plaintiff's contention that Blair waived its right to arbitration by the failure to raise the issue through a dilatory exception filed prior to answer.
The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. LSA-R.S. 9:4202; and LSA-C.C.P. Art. 926.
*615 As previously mentioned, in the federal court the defendant filed a pleading requesting dismissal of the suit for failure to arbitrate and, reserving its rights in that regard, answered the allegations of the petition. Simultaneously, it also filed in that court a separate motion to stay the proceedings pending arbitration. After the case was remanded Blair filed in the district court a rule to show cause why the suit should not be stayed pending arbitration. Under these circumstances the defendant did not waive its right to have the proceedings stayed pursuant to La.R.S. 9:4202.
Finally, since there exists a valid arbitration agreement with respect to the controversies involved in the case, the parties must proceed with arbitration in accordance with their agreement. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974).
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs which are fixed at $626.57.
AFFIRMED.