696 So.2d 140 (1997)
Jeanette Lentini ACKEL
v.
Thad David ACKEL and George J. Ackel, Jr.
No. 97-CA-70.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
Rehearing Denied July 17, 1997.
*141 Don C. Gardner, Harahan, for Plaintiff/Appellant.
William F. Wessel, Charlotte A. Lagarde, New Orleans, for Defendant/Appellee.
Before WICKER, GOTHARD and DALEY, JJ.
DALEY, Judge.
Plaintiff/Appellant, Jeanette Lentini Ackel, appeals the trial court's grant of an Exception of No Cause of Action, dismissing her Petition to Rescind Settlement Agreement. We reverse and remand.
The instant suit arises out of a Settlement Agreement between plaintiff and her sons, George Ackel, Jr. and Thad Ackel, the defendants. The parties became embroiled in litigation over the management of businesses and certain real property contained in the succession of plaintiff's late husband and the defendants' father, George Ackel, Sr. To compromise their differences, the parties entered into a Settlement Agreement in matter *142 No. 449-225, 24th Judicial District Court for the Parish of Jefferson, on March 23, 1992. This Settlement Agreement contained an arbitration provision, which provided that any disputes between the parties regarding the agreement would go to binding arbitration.[1]
The briefs allege that at least one dispute has gone to arbitration, invoked by Thad. In that arbitration, the arbitrator issued a decree on July 27, 1994, resolving some of the issues brought by Thad, but ordering an audit of the various businesses and entities because the arbitrator felt he did not have sufficient information before him to determine the merits of other issues raised by Thad. On December 5, 1994, Jeanette filed a Petition to Rescind Settlement Agreement in the 24th Judicial District Court. This petition alleged the Settlement Agreement is a contract against the public policy of this state, in that the specific language of the Settlement Agreement restricts Jeanette's ability to dispose of her separate property, and impinges on her testamentary rights and her legal usufruct of the Succession of George Ackel, Sr., all in direct violation of the Louisiana Constitution, Civil Code, and other laws.
Thad filed an Exception of No Cause of Action and an Exception of Lack of Subject Matter Jurisdiction, both based upon the arbitration provision in the Settlement Agreement.[2] The trial court granted the Exception of No Cause of Action, finding that Louisiana public policy favors arbitration in accordance with LSA-R.S. 9:4201 et seq. The court further ruled that the Exception of Lack of Subject Matter Jurisdiction was made moot by its ruling on the Exception of No Cause of Action. The trial court's ruling implied that the proper forum to decide the Settlement Agreement's very validity is with the arbitrators, not the district court.
Jeanette appeals, arguing that the arbitration clause in the Settlement Agreement does not control her right to sue in district court to rescind the agreement on the grounds that it is, and was, void ab initio as containing provisions that are a violation of public policy.

Analysis
The Exception of No Cause of Action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Lybrand v. Newman, Drolla, Mathis, Brady & Wakefield, 95-9 (La.App. 5 Cir. 10/31/95), 663 So.2d 850. For the adjudication of the exception, the well-pleaded facts of the petition are accepted as true. No evidence may be introduced at any time to support or controvert the exception. Angelica v. Angelica, 608 So.2d 256 (La.App. 5 Cir.1992).
Jeanette's Petition to Rescind Settlement Agreement states, in pertinent part:
9.
The specific language of the consent agreement restricts the petitioner, JEANETTE LENTINI ACKEL'S ability to dispose of her separate property; impinges on her testamentary rights and her legal usufruct of the Succession of George Ackel, Sr.
10.
All of this is in direct violation of Louisiana Constitutional Article 14[3] Section 5, and the laws of the State of Louisiana as designated in Louisiana Civil Code Book III, Title IOF SUCCESSIONS and Title IIOF DONATIONS INTERVIVOS (Between Living Persons) and MORTIS CAUSA (in Prospect of Death) including but not limited to the provisions of Louisiana *143 Civil Code Articles 1710, 1493, 1495, and 1496.
A contract cannot exist without a lawful cause. LSA-C.C. art. 1966. The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy. LSA-C.C. art. 1968. Parties are free to contract for any object that is lawful. LSA-C.C. art. 1971.
LSA-C.C. art. 1976 provides:
Future things may be the object of a contract.
The succession of a living person may not be the object of a contract other than an antenuptial agreement. Such a succession may not be renounced.
The petition states a cause of action; plaintiff alleges that the Settlement Agreement itself is invalid ab initio because it restricts Jeanette's ability to dispose of her separate property; impinges on her testamentary rights and her legal usufruct of the Succession of George Ackel, Sr. If true (and for the purposes of this exception, we assume they are), these provisions in the Settlement Agreement would violate LSA-C.C. art. 1976 and possibly the other Civil Code articles named in the petition, and hence are against the public policy of this State.
The petition does not mention the arbitration provision. A proper vehicle to raise this issue would have been the Exception of Lack of Subject Matter Jurisdiction or a Motion for Summary Judgment, since the introduction of evidence is permissible with those pleadings, whereas the court may only consider the four corners of the petition when ruling on the Exception of No Cause of Action. We note that Thad filed both exceptions, but the trial court dismissed the Exception of Lack of Subject Matter Jurisdiction as moot after granting Thad's Exception of No Cause of Action.
However, notwithstanding the arbitration provision in the Settlement Agreement, we find that the instant dispute is non-arbitrable. The Supreme Court decided this very issue in George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977). In that case, the parties entered into several contracts to construct three vessels. One contract contained an arbitration clause. George sued in district court to rescind the contract on the ground that it was void ab initio because of a vice of consent through error, misrepresentation, and coercion on the part of Southern at the time of the confection of the contract. Southern filed a Motion to Stay the Court Proceedings, which the trial court granted, ordering George to proceed to arbitration. The Supreme Court found that the Louisiana Arbitration Act, LSA-R.S. 9:4201, presupposes the existence of a valid contract as a basis for invoking arbitration. The court reasoned:
* * * It would be an absurdity to compel arbitration of the conditions in a contract which does not exist in its entirety in legal contemplation.
This Court's jurisdiction cannot be displaced whenever a contract contains an arbitration clause. The arbitration law and arbitration clauses in contracts do not vest in arbitrators the historic jurisdiction of the courts to determine fraud or duress in the inception of a contract. It may be said that courts are far better qualified to decide issues of this kind. These are not questions of "construction law", particularly applicable to the building of boats, nor is a question of fact involved that arbitrators are peculiarly well qualified to consider.
Nor does Section 4201 of the Arbitration Act compel arbitration of a question involving the validity ab initio of a contract containing an arbitration clause. While provisions for arbitration of controversies arising out of contracts are declared to be valid, irrevocable and enforceable, validity, irrevocability and enforceability are by the terms of Section 4201 made dependent upon "such grounds as exist at law or in equity for the revocation of any contract." Stone v. Stone, 292 So.2d 686 (La.1974). By its very terms Section 4201 presupposes the existence of a valid contract as a basis for invoking arbitration.
We find that the issue of whether the Settlement Agreement itself is void ab initio is a non-arbitrable matter. The presence of an arbitration clause in a contract does not divest the district court of jurisdiction to *144 determine the underlying contract's validity and legality.
We distinguish Mt. Airy Refining Company v. Clark Acquisition, Inc., 470 So.2d 890 (La.App. 4 Cir.1985). In that case, the Fourth Circuit held that a party may not seek annulment of the underlying contract after going to arbitration and receiving an adverse judgment. However, in that case, the issue at arbitration was the same grounds raised in the district court petition to nullify the contract. Clark purchased a refinery from Mt. Airy (MARCO); the sales contract contained an arbitration clause. After giving MARCO notice of its claim for damages Clark withheld payments on the credit portion of the sales price as per the terms of the agreement. MARCO then filed a Demand to Arbitrate the matter in November, 1982. Clark answered the demand of MARCO, and filed counterclaims based on breach of warranties and/or fraud. The matter was fully arbitrated and a decision was rendered in favor of MARCO. The lower court confirmed that award. Clark raised, for the first time in the appellate court, an Exception of Lack of Subject Matter Jurisdiction by the arbitration panel. Citing George Engine Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977), Clark contended that it was fraudulently induced to enter into the contract with MARCO and that, therefore, the arbitration panel did not have jurisdiction to hear the dispute. The Fourth Circuit disagreed, finding that Clark had intended to and did submit the issue of fraud in the inducement to the arbitration panel, and could not now complain to the district court after his claims were rejected in the arbitration.
The case sub judice is distinguishable. Thad, not petitioner Jeanette, initiated the aforementioned arbitration proceeding, complaining of violations of several of the Settlement Agreement's provisions. The issue of the Settlement Agreement's validity was never before the arbitrator, nor was the arbitration proceeding brought by Jeanette.
Appellee's brief argues that this case is controlled by the Federal Arbitration Act (9 U.S.C. §§ 1-14). However, the George court disagreed, finding that when a state statute is being interpreted and no federal question or federal constitutional principle is involved, this court is "free to interpret this State's law in accordance with its understanding of the legislative intent and its appreciation of what is more logical, reasonable and just." George at 886. The same principle controls in this case, where the interpretation of only state statutes (the La. Constitutional and Civil Code provisions on testamentary freedom), not federal statutes or questions, are at issue.
Appellee Thad also argues that the Settlement Agreement was executed and reduced to a judgment of the court; and thus in actuality Jeanette's Petition to Rescind Settlement Agreement is a Petition for Nullity of Judgment. However, the record contains no evidence of a judgment or other order of any court adopting or otherwise reducing to judgment the Settlement Agreement.
The trial court erred in granting Thad's Exception of No Cause of Action. The trial court's judgment is reversed and the matter is remanded for proceedings consistent with this opinion. Costs are taxed to the appellee, Thad Ackel.
REVERSED AND REMANDED.
NOTES
[1] The arbitration clause reads as follows:

11. There may be certain issues which Jeanette, Thad and George cannot agree upon except that they do agree to settle the issues through binding arbitration. Jeanette, Thad and George shall submit the following listed issues to binding arbitration: (a) Any dispute which may arise between Jeanette, Thad and George as to this Settlement Agreement or the matters covered by the Settlement or any other matter that the parties may dispute.
[2] The record shows that George answered his mother's petition, agreeing that rescinding the Settlement Agreement is in the best interests of the parties.
[3] This appears to be a typographical error in the petition; the correct cite is Art. 12, § 5.