703 So.2d 818 (1997)
SUN DRILLING PRODUCTS CORPORATION
v.
Jerry J. RAYBORN, Sr.
No. 97-C-2112.
Court of Appeal of Louisiana, Fourth Circuit.
December 3, 1997.
Rehearing Denied December 30, 1997.
George Pivach, II, Pivach & Pivach, L.L.C., Belle Chasse, and Douglas Y. Christian, Robert A. Kauffman, Michael P. Walsh, Reed Smith Shaw & McClay, Philadelphia, PA, and Edward D. Wegmann, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, for Relators.
Peter J. Butler, Peter J. Butler, Jr., Richard G. Passler, Breazeale, Sachse & Wilson, L.L.P., New Orleans, and Philip F. Cossich, Jr., Cossich, Martin & Sumich, L.L.C., Belle Chasse, for Jerry J. Rayborn, Sr.
Before KLEES, BYRNES and PLOTKIN, JJ.
*819 BYRNES, Judge.
WRIT GRANTED; RELIEF DENIED.
We grant writs in order to review the trial court's judgment that fraud in the inducement of a contract containing a mandatory arbitration clause is a matter to be decided by the courts of this State rather than by the arbitrator, even where the contract is subject to the Federal Arbitration Act.
This case involves a contract containing a mandatory arbitration clause. Respondent, Jerry J. Rayborn, Sr., attacked the contract in state court and among other things alleged fraud in the inducement. The trial court denied relators'[1] Exception of Lack of Subject Matter Jurisdiction regarding arbitration and stayed the arbitration proceedings finding that the question of fraud in the inducement is not arbitrable.
Under the Federal Arbitration Act generally applicable state law contract defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration agreements without contravening Section 2 of the Act. Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, ___, 116 S.Ct. 1652, 1655, 134 L.Ed.2d 902 (1996).
Fraud in the inducement is a generally applicable contract defense in Louisiana as distinguished from one applicable only to arbitration situations.
Arbitrations are favored. It is difficult to reconcile the decision of this Court today and the judgment of the trial court with the question raised by the trial judge:
[W]hat is to stop anyone from making the allegation of fraud or invalidity of the contract to avoid an [arbitration] provision in the contract[?]
In spite of this concern, the trial court ruled that the question of fraud in the inducement is not arbitrable. We share the concern of the trial judge, but like the trial judge are compelled to reach the same result in face of the position taken by the U.S. Supreme Court in Doctors Associates, Inc., supra.
The result reached by this Court is also consistent with the reasoning of the Louisiana Supreme Court in George Engine, Co., Inc. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977). However, George Engine did not involve the Federal Arbitration Act.
Moreover, this Court in dicta in Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890, 892 (La.App. 4 Cir.), writ denied 476 So.2d 351 (La.1985) noted that in Louisiana under George Engine the appellant, Clark Acquisition, Inc., "could have filed in court a motion to stay the arbitration proceeding along with a petition to rescind the contract for fraudulent inducement."
George Engine was followed most recently in Ackel v. Ackel, 97-70 p. 5 (La.App. 5 Cir. 5/28/97); 696 So.2d 140, 143.
As the policy of resolving the question of fraud in the inducement in court rather than through arbitration as originally declared by George Engine appears to continue to be the policy of this state; and as Doctors Associates permits the application of this policy; therefore, we are constrained to affirm the actions of the trial court regardless of our concerns about the potential havoc this policy could play with arbitration clauses in Louisiana. In that regard we take some comfort in the fact that George Engine was decided twenty years ago, and if the paucity of cases in our jurisprudence is any indication, the potential for abuse of the arbitration process noted by the trial judge has never been realized. However, as the use of alternative dispute resolution methods, including arbitration, is assuming ever increasing prominence in Louisiana and elsewhere, the Louisiana Supreme Court may wish to revisit George Engine at this time. The George Engine court referred to "a natural reluctance to surrender the historical jurisdiction of courts," a reluctance that no longer exists. We also wish to call to the attention of the Supreme Court the apparent conflict between the above cited Fifth Circuit Ackel *820 decision and Freeman v. Minolta Business Systems, Inc., 29655 p. 13 (La.App. 2 Cir. 9/24/97); 699 So.2d 1182, 1189, where the Second Circuit stated:
Federal jurisprudence holds that if the claim is fraud in the inducement of the arbitration clause itself, an issue as to the "making" of the agreement to arbitrate, the federal court may proceed to adjudicate it. However, the statutory language does not permit the federal court to consider claims in the inducement of the contract generally.
Ackel took the contrary position stating that:
The presence of an arbitration clause in a contract does not divest the district court of jurisdiction to determine the underlying contact's validity.
Ackel, p. 6, 696 So.2d at 143-144.
We admit to some skepticism at the attempt by the Second Circuit in Freeman to draw a distinction between fraud in the inducement of the arbitration clause and fraud in the inducement of the contract generally. Although it is a distinction that is not original to Freeman as may be seen by reference to the authorities cited therein, it strikes this court as being an overly fine distinction. As the Louisiana Supreme Court stated in George Engine, the enforcement of the right to arbitration "presupposes the existence of a valid contract as a basis for invoking arbitration." If arbitration is the desired outcome, it would be better to face the issue head-on and hold outright that the question of arbitration is arbitrable because public policy today so favors arbitration and the alternative is open to so much abuse, than to draw what seems to be a distinction without a difference or a sound basis in reason. In response to Freeman a clever lawyer should not find it too difficult to frame his pleadings in terms of fraudulent inducement in the arbitration clause rather than fraudulent inducement in the contract as a whole.
For the forgoing reasons the judgment of the trial court denying relator's Exception of Lack of Subject Matter Jurisdiction and granting respondent's Motion to Stay Arbitration is affirmed.

WRIT GRANTED; RELIEF DENIED.
PLOTKIN, J., concurs with reasons.
PLOTKIN, Judge, concurring with written reasons.
I respectfully concur in the majority's decision holding that the issue of fraud in inducement of a contract containing a mandatory arbitration clause may be decided by a Louisiana state court. Under the most recent jurisprudence from the United States Supreme Court and from Louisiana courts, the issue of fraud in the inducement of the contract is not subject to the mandatory arbitration requirement.
The Federal Arbitration Act, which applies to the contract at issue in the instant case because the contract affects interstate commerce, provides, in pertinent part, as follows:
A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any party thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
9 U.S.C. § 2. In the most recent United States Supreme Court case on this issue, the court interpreted the above provision as follows:
In Southland [Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)], we held that § 2 of the FAA applies in state as well as federal courts, see 465 I/S/. [U.S.] at 12, 104 S.Ct., at 859, and "withdr[aws] the power of the states to require a judicial form for the resolution of claims which the contracting parties agreed to resolve by arbitration," id. at 10, 104 S.Ct., at 858. We noted in the pathmarking Southland decision that the FAA established a "broad principle of enforceability," id., at 11, 104 S.Ct., at 858, and that § 2 of the federal Act provided for revocation of arbitration agreements only upon "grounds as exist at law or in equity for the revocation of any contract." In *821 Perry [v. Thomas, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)], we reiterated: "[S]tate law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."
Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, ___, 116 S.Ct. 1652, 1655, 134 L.Ed.2d 902 (1996). Thus, under the rule enunciated by the Doctor's Associates case, state courts may decide allegations that a contract is invalid, revocable, or unenforceable under state law; such issues are not required to be submitted to arbitration.
As the majority notes, the rule enunciated in Doctor's Associates is consistent with the Louisiana Supreme Court's most recent case on this issue, George Engine, Co. v. Southern Shipbuilding Corp., 350 So.2d 881 (La.1977), which allowed a party to sue to rescind a contract containing an arbitration clause on the grounds that the contract was void ab initio in a court of competent jurisdiction. That rule was also followed in Ackel v. Ackel, 97-70 (La.App. 4 Cir. 5/28/97), 696 So.2d 140, 143. See also Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890, 892 (La. App. 4th Cir.),writ denied, 476 So.2d 351 (La.1985).
The relator in the instant case argues for the application of a federal rule which distinguishes between a claim of fraud in the inducement of an arbitration clause itself and fraud in the inducement of the contract, allowing a federal court to hear a claim alleging fraud in the inducement of an arbitration clause, but requiring a claim alleging fraud in the inducement of the contract itself to be decided by an arbitrator. That rule was followed in Freeman v. Minolta Business Systems, Inc., 618, 29,655 (La.App. 2 Cir. 9/24/97), 699 So.2d 1182, 1189, which in turn relied on a 1967 United States Supreme Court case, Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). However, under the more recent; United States Supreme Court decision, as well as the most recent Louisiana Supreme Court decision, state law, as opposed to federal law, may be applied to this case. Thus, I agree with the majority's decision to distinguish the Freeman case.
NOTES
[1] Relators are: Sun Drilling Products Corporation, Heller, Hickox, Dimeling, Schreiber & Park; Douglas P. Heller; George K. Hickox; William R. Dimeling; Richard R. Schreiber; Steven J. Park; John C. Luten; Hyppolete J. Astugue; and Susan Reese.