hCLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE

On February 4, 2004, a Petition for Damages was filed by John and Amber Wilson, on behalf of themselves and their minor sons, Gavin and Dylan Wilson, against Professional Plaza Pharmacy, Inc., Dewitt Rackley, a pharmacist, and State Farm Fire and Casualty Company. In their petition, plaintiffs alleged that on June 3, 2003, Amber Wilson received a prescription for Zantac syrup for her 10 month old son, Dylan, from Professional Plaza Pharmacy and pharmacist Rackley. The prescription by Dylan’s physician stated that he was to receive 1.5 milliliters twice daily. When the prescription was filled by Rackley, it was mislabeled and read that Dylan was to be given 1.5 teaspoons or 7.5 milliliters twice daily.
Amber gave Dylan the medicine according to the label. As a result, Dylan had stomach irritation, cramps and vomiting. Amber accidentally spilled the bottle of Zantac syrup, therefore, she called for a refill. The dosage mistake was discovered on June 23, 2003 and Dylan fully recovered. Plaintiffs allege that Amber suffered deep depression and guilt over giving her child the overdose of the medication. They allege that before this incident, Amber was emotionally stable, employed full time and raising two children. After the incident, they allege she | ^suffered severe panic attacks, could not perform household chores or work duties, could not care for her children, and had terrible anxiety'. Amber was admitted to the West Jefferson Medical Center’s Behavioral Medical Center on July 16, 2003. She was discharged on July 22, 2003 and placed on “partial hospitalization” until July 31, 2003.
In their petition, plaintiffs allege that Dylan is entitled to damages for physical pain and suffering and past medical expenses. Amber alleges she is entitled to damages for negligent infliction of emotional distress because she was the participant who personally gave her child the incorrect dose due to the negligence of defendants. She also claims she suffered past and future wage loss, physical pain and suffering, and loss of enjoyment of life. She also claims she is entitled to past and future medical expenses and' cáre giver expenses. John Wilson claims he is entitled to damages for emotional and mental anguish and stress, past and future wage loss, and loss of consortium damages. Plaintiffs also allege that their five year old son, Gavin, suffered loss of consortium because of the problems his mother endured.
Defendants filed an Exception of No Cause of Action, Answer and Jury Trial Request. By their exception of no cause of action, defendants alleged that the claims of John, Amber and Gavin should be dismissed for three reasons: 1) the pharmacist had no duty to them, he had a duty only to the patient, Dylan; 2) there is no legally cognizable claim for “negligent infliction of emotional distress” under Louisiana law; and 3) they have no action for damages under La. C.C. art. 2315.6 because negligent filling of a prescription is not the type of traumatic event from which it would be reasonably foreseeable that *654 emotional injury would be sustained by a person “normally constituted”, there was too much of a delay between the alleged error by the pharmacist and the alleged emotional injury, and there was no Uevidence of psychiatric damages of an extreme or debilitating nature as to John and Gavin.
A hearing on the exception was held August 25, 2004. The trial court issued a judgment on September 8, 2004, granting the defendants’ exception of no cause of action as to the claims of Amber, John and Gavin and dismissing those claims with prejudice. The trial court also designated the judgment as final. Plaintiffs now appeal the trial court’s judgment.

DISCUSSION

An exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Ackel v. Ackel, 97-70 (La.App. 5 Cir. 5/28/97), 696 So.2d 140, rehearing denied, writ denied, 97-2139 (La.11/21/97), 703 So.2d 1310.
The petition filed by the plaintiffs included a claim by Amber Wilson for negligent infliction of emotional distress, pursuant to La. C.C. art. 2315. She alleges she was a participant and not a bystander because she actually gave her child the incorrect dose, and therefore, her claim falls under Article 2315. La. C.C. art. 2315 A states that “[ejvery act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Amber Wilson claims she suffered severe anxiety and mental problems as a result of giving her son the wrong dose of the medication due to the error of the pharmacist. Amber Wilson does not claim she has suffered any physical injury as a result of the pharmacist’s error. In addition, the alleged negligent conduct was not directed at Amber Wilson. The alleged negligent act of mislabeling the medication was only directed at the person who would be taking the medication, Amber’s son. Therefore, we find she was not a participant in the incident, and her claim for mental anguish [ Bdamages suffered as a result of the injury to her son could only be made pursuant to La. C.C. art. 2315.6, which states:
A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person’s injury:
(1) The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, the child or children, or the grandchild or grandchildren of the injured person.
(2) The father and mother of the injured person, or either of them.
(3) The brothers and sisters of the injured person or any of them.
(4) The grandfather and grandmother of the injured person, or either of them.
B. To recover for mental anguish or emotional distress under this Article, the injured person must suffer such harm that one can reasonably expect a person in the claimant’s position to suffer serious mental anguish or emotional distress from the experience, and the claimant’s mental anguish or emotional distress must be severe, debilitating, and foreseeable. Damages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article.
We find that Amber Wilson does not have a legal remedy, or cause of action, under La. C.C. Art. 2315.6. First, there *655 was no specific event that Amber Wilson viewed or came upon. She did not know that she had given the child the incorrect dose until the medication was refilled and by that time the child had fully recovered. In addition, the pharmacy and pharmacist could not reasonably expect that the mother of the child receiving medication would suffer serious mental anguish or emotional distress as a result of this incident. The only duty owed by the pharmacy and the pharmacist is to the patient, who in this case happened to be an infant. The pharmacy and pharmacist are not responsible for the parents’ 1 ¿mental damages, even if it is known that the parent will be administering the medication to the child.
We do note that Amber Wilson does appear to have suffered severe and debilitating mental anguish or emotional distress. However, we 'do not find that this mental anguish or emotional distress was foreseeable. As a result, we find that Amber Wilson has no claim for damages pursuant to La. C.C. Art. 2315.6. Therefore, we find that the trial court correctly granted the exception of no cause of action as to the claims of Amber Wilson.
The claims made by John and Gavin Wilson in the petition for damages are pursuant to La. C.C. art. 2315.6- for emotional and mental anguish suffered as bystanders, or witnesses, to Dylan’s injuries. As discussed above, there was no specific event that John or Gavin Wilson witnessed or came upon. They, like Amber Wilson, did not know of the incorrect dosage problem until the medicine was refilled and Dylan had recovered. In addition, John and Gavin Wilson have not suffered harm that the pharmacist or pharmacy would reasonably expect them to experience. John’s and Gavin’s alleged mental anguish or emotional distress was not severe or debilitating and certainly not foreseeable. Therefore, we find they have ■ no claim under La. C.C. Art. 2315.6.
Accordingly, we affirm the trial court’s judgment granting the exception of no cause of action filed by defendants and dismissing all claims of Amber, John and Gavin Wilson with prejudice.

AFFIRMED.

ROTHSCHILD, J., dissents with reasons..