930 So.2d 1009 (2006)
Barry A. PLAISANCE and Cynthia C. Plaisance
v.
Myra P. THIBODEAUX and Westwego City Police.
No. 05-CA-988.
Court of Appeal of Louisiana, Fifth Circuit.
April 25, 2006.
*1010 Larry C. Pieno, Attorney at Law, Marrero, Louisiana, for Plaintiff/Appellant.
Thomas P. Anzelmo, Kyle P. Kirsch, Andre J. Lagarde, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
This is an appeal by plaintiffs, Barry A. Plaisance and Cynthia C. Plaisance, from a judgment maintaining an exception of no cause of action as to defendant, City of Westwego, and dismissing the plaintiffs' claim against that defendant with prejudice. For reasons that follow, we affirm.
The judgment from which this appeal was taken arises from an underlying action involving a property dispute between two siblings, plaintiff Barry Plaisance and his sister, defendant Myra Thibodeaux. The acrimony in connection with that dispute led to an attempt by Ms. Thibodeaux to secure a temporary restraining order against her brother, Mr. Plaisance.[1] In the course of that litigation the trial court issued a temporary restraining order on March 2, 2002. After several unsuccessful tries to serve Mr. Plaisance, Ms. Thibodeaux filed a "Motion to Reissue Service on Petition and to Reset Hearing on Incidental Matters" on March 20, 2002. The motion was granted and a hearing was set on the preliminary injunction for May 13, 2002. The petition and order was served on Mr. Plaisance on April 2, 2002. Ms. Thibodeaux filed a motion for contempt on April 11, 2002, which also was set for hearing on May 13, 2002. The arrest that forms the basis for the suit at issue herein was made on April 11, 2002. The next day *1011 Ms. Thibodeaux filed a motion for re-issuance of the temporary restraining order.
According to the petition filed in the matter before us, plaintiffs were in Catfish Bourgeois Park on April 11, 2002 when Ms. Thibodeaux arrived with two Westwego City Police Officers. Ms. Thibodeaux had a temporary restraining order, which was issued, but not served on either plaintiff. At Ms. Thibodeaux's insistence, the police officers arrested plaintiffs for violation of the temporary restraining order.
As a result, plaintiffs filed an action for malicious prosecution against Ms. Thibodeaux, and unlawful detention and arrest against the City of Westwego. In a supplemental and amending petition, plaintiffs also asserted that Ms. Thibodeaux knew there was no valid temporary restraining order.
Ms. Thibodeaux filed exceptions of vagueness and no cause or right of action. After a hearing on the matter, the trial court ruled in favor of Ms. Thibodeaux, with an order directing plaintiffs to amend the petition within thirty days. Plaintiffs amended the petition a second time to define in more detail the cause of action against Ms. Thibodeaux.
The City of Westwego filed an exception of no cause of action, which was opposed by plaintiffs on the grounds that the temporary restraining order was either expired or otherwise invalid, and was a subject for a contempt hearing, not arrest. After consideration, the trial court maintained the exception and dismissed plaintiffs' action as to the City of Westwego. It is that ruling that forms the basis for this appeal.
The Exception of No Cause of Action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Ackel v. Ackel, 97-70 (La.App. 5 Cir. 5/28/97), 696 So.2d 140 at 142. For the adjudication of the exception, the well-pleaded facts of the petition are accepted as true. No evidence may be introduced at any time to support or controvert the exception. Id.
Most of the allegations in the petitions relate to the conduct of Ms. Thibodeaux, asserting that she insisted police arrest plaintiffs, even though she knew the temporary restraining order in her possession was invalid. The actual temporary restraining order used, is not included in the record before us.
The only paragraph that directs an allegation to the City of Westwego in the original petition reads as follows;
Petitioners believe that the City of Westwego acted without lawful authority, probable cause or reason for detaining, arresting, booking and ultimately jailing BARRY A. PLAINANCE and CYNTHIA C. PLAISANCE without incident.
No other allegations were directed against the City of Westwego in the two supplemental and amending petitions. Moreover, in the subsequent supplemental and amending petition, plaintiffs alleged;
The Defendant MYRA P. THIBODEAUX caused the Westwego Police Department to arrest Plaintiff's (sic) herein by demonstrating to the Westwego Police officer certain documentation (expired restraining orders) when in fact she knew that the said restraining orders had expired or were no longer valid. The above actions, insistence, and provation (sic) of the Defendant, MYRA P. THIBODEAUX was the cause for Plaintiff's (sic) arrest and ultimate criminal proceeding.
The conduct of MYRA P. THIBODEAUX in provoking the Westwego City Police to arrest Plainitff's (sic) herein was unreasonable, without cause or justification and the sole cause in fact *1012 of Plaintiff's (sic) detention, arrest and resulting injuries.
In brief to this court plaintiffs argue that, taken together, the petitions allege a cause of action against the City of Westwego because when the allegations in the petition are taken as true, they show that the Westwego police arrested plaintiffs by virtue of an invalid temporary restraining order, which was not served on plaintiffs. They further point to the discussion by the trial court at the hearing on the exception of no cause of action in which the trial court expressed reservations about probable cause. In the alternative, plaintiffs argue the trial court should have allowed another amendment to the petition.
Plaintiffs' allegations and arguments encompass elements of the torts of false imprisonment, malicious prosecution, and defamation. However, false imprisonment is the only tort applicable to the City of Westwego.
False imprisonment or arrest occurs when one arrests and restrains another against his will and without statutory authority. Kyle v. City of New Orleans, 353 So.2d 969 (La.1977). As explained by the Kyle court,
.......... Simply stated, it is restraint without color of legal authority. Thus, if police officers act pursuant to statutory authority in arresting and incarcerating a citizen, they are not liable for damages for false arrest and imprisonment.

Id. 353 So.2d at 971
Thus, the tort of false imprisonment consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. Tabora v. City of Kenner, 94-613 (La.App. 5th Cir.1/18/95), 650 So.2d 319, writ denied, 95-0402 (La.3/30/95), 651 So.2d 843.
In the petitions before us, the allegations are that, "with the temporary restraining order in hand the Westwego Police Department proceeded to detain, arrest and surrender...." plaintiffs. Although there are allegations that the restraining order given to police was invalid, there are no allegations that officers had this information. The allegations in the petition also allege that Ms. Thibodeaux called the Westwego City Police "out to a location to report an incident when no incident occurred," and that she was "willful and malicious, in provoking and insisting that Plaintiff's (sic) be detained and arrested." Further, plaintiffs allege that Ms. Thibodeaux is the sole cause of the arrest and detention.
The alleged facts, accepted as true, are that Ms. Thibodeaux called the Westwego Police Department, made a false accusation against plaintiffs and presented the officers with a temporary restraining order she knew was not valid. Her actions are the sole cause for the arrest and detention of plaintiffs. Given those facts as alleged by plaintiffs, we find plaintiffs have failed to state a cause of action for false imprisonment against the City of Westwego.
Plaintiffs argue in the alternative that they should have been allowed to amend their petition to state a cause of action against the City of Westwego. La. C.C.P. art. 934 provides that;
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
Given the facts alleged in the original and amending petitions herein, we find the grounds of the objection cannot be removed *1013 by amendment. Therefore, the trial court did not err in maintaining the exception raised by the City without affording the plaintiffs an opportunity to amend the petition again.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] A "Petition to Partition Co-owned Property" was filed on February 27, 2002; Myra P. Thibodeaux v. Barry Plaisance, 24th Judicial District Court Number 577-862.