946 So.2d 181 (2006)
Maria ALVAREZ
v.
Edward J. CLASEN and Virgie B. Clasen.
No. 06-CA-304.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*182 Sally Dunlap Fleming, Justin Hollister, Attorneys at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
Frederick A. Miller & Associates, C. Michael Parks, Metairie, Louisiana, for Defendants/Appellees.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
Plaintiff, Maria Alvarez, appeals a judgment granting defendants' Exceptions of No Cause of Action and No Right of Action, which resulted in the dismissal of her suit. Plaintiff alleged that defendants, Edward and Virgie Clasen, committed the tort of conversion when they trapped her pet cat, Lucy, on their premises and turned her over to the Jefferson Parish Animal Control, who euthanized her. Plaintiff also asserted a cause of action for infliction of emotional distress. We affirm the judgment of the trial court.
ANALYSIS
The Exception of No Cause of Action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the petition. Ackel v. Ackel, 97-70 (La.App. 5 Cir. 5/28/97), 696 So.2d 140 at 142. For the adjudication of the exception, the well-pleaded facts of the petition are accepted as true. No evidence may be introduced at any time to support or controvert the exception. Id.
The Exception of No Right of Action is designed to test whether the plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(A)(5). The function of the Exception of No Right of Action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. Eschete v. Hildebrand, 06-18 (La.App. 5 Cir. 4/25/06), 930 So.2d 196.
In F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C., 03-792 (La.App. 5 Cir. 11/25/03), 860 So.2d 644, this court stated:
Conversion is an intentional tort and consists of an act in derogation of the plaintiff's possessory rights. Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So.2d 756, 760 (La.1985); Aymond *183 v. State, Dept. of Revenue and Taxation, 951663 (La.App. 1st Cir.4/4/96), 672 So.2d 273. The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's rights. Aymond, supra; Hampton v. Hibernia National Bank, 598 So.2d 502, 504 (La.App. 2nd Cir. 1992). Any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion. Aymond, supra. Whitley v. Manning, 623 So.2d 100, at 102, writ denied, 627 So.2d 656 (La.1993). Although the defendant may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion. Louisiana State Bar Association v. Hinrichs, 486 So.2d 116, 121 (La.1986); Aymond, supra; W. Prosser & W. Keeton, Torts, § 15 at 98-99 (5th ed.1984).
In her Petition, Alvarez alleged that she was the owner of Lucy, the domestic tan and gray tabby cat, by virtue of adoption. She further alleged that shortly after October 26, 2004, Lucy did not return home as usual, whereupon Alvarez began posting numerous "Missing" signs around the neighborhood, and also began asking the neighbors if they had seen the cat. Alvarez alleged that she questioned the Clasens, who denied knowledge of the cat's whereabouts, and denied that they had trapped Lucy. Alvarez's Petition further alleges that upon a later inquiry to the Jefferson Parish Animal Control office, she received a report from JPAC on November 11, 2004, which stated that Lucy had been trapped by the Clasens at their residence on October 27, 2004 and turned over to the JPAC, after which she was euthanized on November 3, 2004.
Plaintiff cites Peloquin v. Calcasieu Parish Police Jury, 367 So.2d 1246 (La. App. 3 Cir.1979) in support of her position that she has both a right of action and a cause of action against the Clasens for conversion and for mental anguish. In that case, plaintiffs filed suit against their neighbors and the Police Jury, alleging that the neighbors trapped their pet cat and turned it over to the animal control office, a political division of the Police Jury, who euthanized it. The trial court granted defendants' Exceptions of No Cause and No Right of Action. Reversing the trial court, the court of appeal held that plaintiffs' allegations of their ownership of the cat and their subsequent dispossession of cat by defendants' actions, which allegedly caused cat to be destroyed, were sufficient to state a cause of action for damages for conversion of their pet cat, for the value of cat, and for mental anguish, inconvenience, and humiliation suffered due to defendants' alleged actions.
In the instant case, the trial court declined to rely on Peloquin, erroneously stating that the only defendant in that case was the Police Jury, the agency that was alleged to have actually destroyed the cat. A reading of the case, however, shows that the Peloquins sued both their neighbors, who allegedly trapped their cat, and the Police Jury, who allegedly destroyed the cat. Therefore, the case is not distinguishable for the reasons cited by the trial court.
We find, however, that the Peloquin case is distinguishable on other grounds. As stated above, conversion is committed when one wrongfully commits any act of dominion over the property of another in denial of or inconsistent with the owner's rights. The court in Peloquin assumed that the act of dominion was unlawful. According to Jefferson Parish ordinances, the Clasens' alleged act of trapping *184 Lucy at their residence was not an "unlawful" act of dominion. Section 7-50 of the Jefferson Parish Code of Ordinances, entitled "Impoundment of cats, rabbits, raccoons, etc.," states:
The animal shelter department may impound any cat, rabbit, raccoon, opossum, hamster, guinea pig, gerbil, and any other animal of like nature, found to be at large. Any such animal impounded may be reclaimed by the owner upon payment of impoundment and daily board fees and compliance with other legal requirements for keeping of such animal. If no claim is made on any such animal after five (5) days of impoundment, exclusive of Sundays and legal holidays, the animal shelter may humanely dispose of same in its discretion.
Section 7-16 of the same ordinances states that "An animal shall be deemed to be at large if off the premises of its owner or keeper and not under the immediate control of a responsible person." The Petition clearly alleges that plaintiff learned from a report furnished by the Jefferson Parish Animal Shelter that Lucy had been trapped on the Clasens' premises, which clearly shows that the cat had been "at large." As defendants stated in brief, the Jefferson Parish ordinances clearly allow the Parish Animal Shelter to impound the cat trapped in defendants' yard. Defendants did not impound the animal, but simply turned the trapped animal over to proper governmental authority. Accordingly, under the allegations in the Petition, the Clasens' "act of dominion" over the cat was not "unlawful," and, therefore, they did not commit the tort of conversion. The result reached by the trial court, the finding of no cause of action, is correct, and the judgment dismissing plaintiff's claims against defendants is affirmed.
In her oral reasons for ruling, the trial court doesn't address the substance of plaintiff's second cause of action, intentional infliction of emotional distress, and even appears to suggest that this cause of action remained viable. The trial court's written judgment clearly dismisses plaintiff's entire case, however. Appeals are taken from adverse judgments, not from opinions of the court; the trial court's Reasons for Judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and from which appeals are taken. LSA-C.C.P. arts.1917, 1918; Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc., 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22.
Plaintiff's Petition alleges that the defendants lied to her, denying, when asked, that they had seen the cat or had trapped the cat, which allegedly constituted intentional infliction of emotional distress. The legal requirements for a cause of action for intentional infliction of emotional distress are: 1) that the conduct of the defendant was extreme and outrageous; 2) that the emotional distress suffered by the plaintiff was severe; and 3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. White v. Monsanto, 585 So.2d 1205 (La.1991). We find that plaintiff's Petition fails to allege conduct of the defendants that meets these legal requirements.
Accordingly, the judgment is affirmed.
AFFIRMED.